**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**BENNY BOYD MOONEY,**

     **Petitioner,**

**v.**                              **Case No. 1:16cv139-WTH/CAS**

**JULIE L. JONES, Secretary,
Florida Department of Corrections,**

     **and**

**FLORIDA COMMISSION ON
OFFENDER REVIEW,**

     **Respondents.**
_____/

## REPORT AND RECOMMENDATION

On March 31, 2016, Petitioner Benny Boyd Mooney, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On July 7, 2016, Respondent Florida Commission on Offender Review (Commission) filed a response and memorandum.  ECF No. 7.  On July 26, 2016, Petitioner filed a reply to the Commission's response.  ECF No. 10.  On September 9, 2016, Respondent Julie Jones, Secretary of the Florida Department of Corrections (DOC), filed a response.  ECF No. 13.  On September 28,

2016, Petitioner filed a reply to the DOC's response.  ECF No. 14.  This case was then placed in line for review.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition is moot and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

At the time he filed this § 2254 petition, Petitioner Mooney was a DOC inmate serving sentences imposed by courts in Dixie County (case number 89-11-CF) and Baker County (case number 95-294-CF).  *See* Exs. A, B.[1]  In the Dixie County case, Petitioner was convicted of one count of burglary and one count of dealing in stolen property; the court sentenced him to a 10-year prison term on the burglary conviction and a concurrent

---

[1] Hereinafter, all citations to the record, "Ex. –," refer to exhibits submitted with Respondent Commission's answer, ECF No. 7.

30-year prison term, as an habitual offender, on the dealing in stolen property conviction.  Ex. B at 261-66.  Petitioner began serving his sentence on January 9, 1990.  *Id.* at 269.  While serving his sentence in a DOC facility in Baker County, Petitioner was convicted of one count of battery on a law enforcement officer, and, in the Baker County case, the court sentenced him to 18 months in prison, to run consecutive to the Dixie County case.  *Id.* at 273-77.

Petitioner was released on Conditional Release supervision on August 1, 2010.  Ex. C.  In March 2011, the Commission issued a Warrant for the Retaking of the Conditional Releasee.  Ex. E.  A conditional release revocation hearing took place on April 22, 2011.  Ex. F.  Petitioner was found to have willfully violated the terms of his supervision, his Conditional Release was revoked, and he was returned to DOC on April 27, 2011.  Exs. F, G.  When he returned to DOC, DOC forfeited all the gain time Petitioner had earned on both his Dixie County and Baker County sentences, and calculated his tentative release date as October 4, 2018.  Ex. O at 371-75, Ex. P at 378.

In his § 2254 petition, Petitioner Mooney raises one ground:  "False Imprisonment in Violation of 14th Amendment and Article I, § 10, cl. I of U.S. Constitution (Ex Post Facto Clause)."  ECF No. 1 at 4.  Petitioner

explains that he "expired all sentences in Dixie County Case No. 89-11-CF and Baker County Case No. 95-294 on August 1, 2010 and was released under conditional release supervision for the equivalent amount of years that petitioner had been awarded incentive, earned gain time, 10 years, which was about 9 years and 4 months more conditional release supervision demanded by Florida Parole Commission for Petitioner to serve than required by law when Petitioner's offenses occurred." *Id.* Petitioner argues his Dixie County offense occurred January 8, 1989, and, at that time, Florida Statutes section 944.28(1) did not authorize forfeiture of his earned gain time for violations of conditional release. *Id.* at 6. He further argues that at the time he was placed on conditional release, his Dixie County sentenced had been served in full and he was serving the consecutive Baker County sentence. *Id.* at 7-8. Petitioner asserts he is entitled "to be released from DOC's custody immediately because [he] is currently falsely imprisoned." *Id.* at 8; *see id.* at 13.

On July 14, 2017, Petitioner filed a Notice of Change of Address with this Court. ECF No. 16. A review of the DOC website reflects that Petitioner was released from incarceration on April 22, 2017, and is now on conditional release supervision. *See* www.dc.state.fl.us/offenderSearch.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  *See, e.g.*, Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition that alleged prison officials had unconstitutionally miscalculated his gain time credits, where prisoner no longer in custody and prisoner attacked only length of confinement); Schmidt v. McNeil, No. 5:08cv077/RS/EMT, 2010 WL 3749189, at *2 (N.D. Fla. Aug. 9, 2010) (report and recommendation, approved by district judge, to dismiss as moot § 2254 proceeding challenging DOC's failure to award gain time for month of August 2006 because petitioner received unsatisfactory security rating, and explaining that because petitioner had been "released from incarceration, and an award of gain time would not shorten his term of conditional release, . . . there is no longer a case or controversy to litigate").

Here, Petitioner's objective in bringing this habeas action was the restoration of allegedly wrongfully forfeited gain time, to procure his immediate release from incarceration.  Because he has since been released from incarceration, there is no longer a case or controversy to litigate.

## Conclusion

Based on the foregoing, the § 2254 petition (ECF No. 1) is moot and should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED as moot**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2017.

**S/  Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**